989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gerry C. DuBOSE, Appellant,
v.
INTERNATIONAL HOUSE OF PANCAKES OF MOBILE, ALABAMA, INC.;
M. K. Atigh, Inc., Appellees,
v.
COCHRAN/SYSCO FOOD SERVICE; T.H.C. Systems, Inc.; REGO, Appellees.
 No. 92-2351.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1993.
Filed: March 25, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 
 PER CURIAM
 
 1
 This case comes to us from an order to dismiss for lack of subject matter jurisdiction. The plaintiff, Gerry C. DuBose, alleged subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $50,000. See 28 U.S.C. § 1332(a) (1988). The district court, upon motion of the defendants, found the amount in controversy to be deficient, and dismissed the action. We affirm.
 
 
 2
 * On 25 July 1988, DuBose, a Minnesotan, stopped to eat breakfast at the International House of Pancakes in Mobile, Alabama. He ordered coffee, which he found insufficiently warm, and asked to have it heated. His waitress complied. As he lifted the cup of freshly heated coffee to his mouth, the handle separated from the body of the cup, causing scalding coffee to spill on his lip, chest, hand, and groin.
 
 
 3
 DuBose alleges the coffee spill caused burns and serious consequent physical impairment, and pleaded damages that included medical expenses, pain and suffering, diminished quality of life, and lost wages. Based on theories of strict liability and breach of implied warrant of merchantability, DuBose initiated this lawsuit in federal court for the District of Minnesota. He alleged the damages to be in excess of $50,000, as diversity jurisdiction requires.
 
 
 4
 Defendants subsequently moved for dismissal under Fed. R. Civ. P. 12(b)(1), asserting that DuBose's case did not meet the threshold jurisdictional requirement of $50,000. The district court granted the motion, dismissing the case without prejudice. This appeal followed.
 
 II
 
 5
 As an initial matter, we decline DuBose's invitation to find the defendants in breach of contract for violating the terms of the stipulation agreement of 24 October 1990. DuBose argues that the defendants had agreed by the stipulation not to attack the validity of the court's subject matter jurisdiction, and that their motion to dismiss was filed both in bad faith and in violation of the agreement.
 
 
 6
 The parties, however, may not confer subject matter jurisdiction upon the federal courts by stipulation, and lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court. Pacific Nat'l Ins. Co. v. Transport Ins. Co., 341 F.2d 514, 516 (8th Cir.), cert. denied, 381 U.S. 912 (1965). Any agreement attempting to confer subject matter jurisdiction where none existed would not be enforceable.
 
 
 7
 The stipulation, moreover, concedes only personal jurisdiction. It states, in pertinent part, that "Defendants concede the Court has jurisdiction over them for the purpose of this action and that United States District Court, District of Minnesota, Third Division, is a proper venue for this action." We find no ambiguity in the stipulation. It reads in plain English that defendants conceded "jurisdiction over them." There is no intimation that jurisdiction over the subject matter was contemplated.
 
 III
 
 8
 We now turn to the question whether a federal court has subject matter jurisdiction in this case. The rule governing dismissal for lack of jurisdiction in cases where the amount in controversy is in dispute is that the sum claimed by the plaintiff controls if it is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938); Zunamon v. Brown, 418 F.2d 883 (1969); Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924 (8th Cir. 1965). When a motion to dismiss for lack of subject matter jurisdiction brings into issue the value of the amount in controversy, the plaintiff bears the burden of establishing the jurisdictional requirement with "competent and preponderant proof." Hedberg, at 929; accord Zunamon, at 886 (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). DuBose fails to bear that burden.
 
 
 9
 Apart from DuBose's allegations in his pleadings, deposition, and briefs, the record discloses sparse evidence to support his alleged pain, suffering, diminished quality of life, and lost wages. Because DuBose alleges that the coffee burn to his genitals directly or indirectly caused all the alleged damages, the medical evidence is especially important to his case. The record indicates that he has consulted at least seven doctors, of various specialties, since the coffee spill incident. He was initially diagnosed as having first-degree burns from the coffee spill, for which the standard dermal creams were prescribed. The great preponderance of the medical evidence since the initial diagnosis does not support a finding of any permanent injury, and presents no objective indicia of pain or suffering. The psychiatrist who examined DuBose opined that his preoccupation with his genital pain was "of almost delusional proportions."
 
 
 10
 Only one physician of the seven consulted, Dr. Charles F. Ormiston, prepared a report that could arguably support DuBose's story. Based on the subjective complaints of DuBose, he diagnosed hyperesthetic sensation over the dorsum of the glans penis, and prescribed a prosthetic device to protect it. The value even of this scant evidence is somewhat diminished, however, by the letter written by Dr. Ormiston admonishing DuBose to stay away from the office, and accusing him of using the office primarily to further his legal case. We agree with the district court that the preponderance of the medical evidence does not support DuBose's allegations of permanent injury, or the related pain, suffering, and diminished quality of life.
 
 
 11
 The evidence in the record to support the allegations of lost wages likewise is insubstantial. DuBose had been an athlete and an educator for many years, but for the two years before the coffee spill accident he had worked only at managing his investments. He stated in his deposition that he had considered returning to a teaching or coaching job, but had not finalized any work plans at the time of the accident. During the first half of 1988, before the coffee spill, his only work apart from managing his investments was less than three days of substitute teaching at a metropolitan high school. After scouring the record, we find no evidence to suggest that the coffee spill disabled DuBose from continuing the work of managing his investments-his income-generating activity at the time of the spill. The preponderance of the medical evidence, moreover, indicates that he is capable of maintaining an office or part-time teaching job. Again, there is no objective evidence that he was in any way disabled from the coffee spill-only the subjective allegations of pain. We find that DuBose's allegation of $130,000 in lost wages was not made in good faith.
 
 
 12
 Based upon the entire record, it appears to a legal certainty that DuBose's claim is really for less than the jurisdictional requirement of $50,000. We affirm the order to dismiss for lack of subject matter jurisdiction.